**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____

PEDRO VARGAS-RODRIGUEZ, :
: Civ. No. 18-2628(RMB)
        Petitioner :
:
   v. : **MEMORANDUM AND ORDER**
:
WARDEN DAVID ORTIZ, :
:
        Respondent :
_____:

This matter comes before the Court upon Petitioner's letter dated February 25, 2019 in this habeas corpus action under 28 U.S.C. § 2241. The Court construes this letter ("Petr's Letter Reply," ECF No. 7) as a further reply to Respondent's Answer. Although untimely, the Court will consider Petitioner's Letter Reply to the extent that it addresses claims raised in Petitioner's habeas petition filed on February 23, 2018. The Court will not consider any new claims raised.[1] See Arturo E. v. Green, Civ.

---

[1] The new claims raised in Petitioner's Letter Reply are (1) whether Petitioner is entitled to resentencing under the First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404; (2) whether treating Petitioner's state and federal sentences as consecutive violates the Double Jeopardy Clause and the Fifth And Eighth Amendments to the Constitution because the conduct Petitioner pled guilty to in the "State" case was directly related to the conduct he pled guilty to in the Federal Case; and (3) whether recalculation of Petitioner's good time credit under the First Step Act should

Action. No. 18-9283(SDW), 2018 WL 5342720 at *1, n.1 (D.N.J. Oct. 29, 2018) ("A habeas petitioner 'may not raise new issues" … in a reply brief….'") (quoting Judge v. United States, 119 F.Supp.3d 270, 284 (D.N.J. 2015) (quoting D'Allessandro v. Bugler Tobacco Co., No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007)). Respondent will be directed to file a Sur-reply, including a response to Petitioner's assertion that certain of Respondent's exhibits to the Answer are written in Spanish and not translated and that additional sentencing related documents should be produced.

**IT IS** therefore on this **28th** day of **February 2019,**

**ORDERED** that Respondent shall file a Sur-reply to Petitioner's Letter Reply (ECF No. 7) within fourteen days of the date of this Order; and it is further

---

result in his release on or before March 2, 2019. Petitioner's new claims must be raised in new petition(s) in a court with jurisdiction.

In his Letter Reply, Petitioner does not explicitly raise the issue of whether the federal sentencing court granted a downward departure under U.S.S.G. § 5G1.3(b) or (c), but his request that Respondent provide additional sentencing information and his assertions that his state and federal sentences involved relevant conduct implies that Petitioner may be trying to assert that § 5G1.3(b) or (c) is applicable. See e.g. Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); Secrest v. Bureau of Prisons, Civ. No. 13-5011(NLH), 2016 WL 5539582 (D.N.J. Sept. 29, 2016). The Court liberally construes the original petition to have raised this claim because Petitioner may not have understood the difference between a concurrent federal sentence and a fully concurrent or retroactively concurrent federal sentence pursuant to U.S.S.G. § 5G1.3. Respondent should address this issue in the Sur-reply.

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**